IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HERIBERTO OFRAY-CAMPOS,**
Petitioner,

v.

**UNITED STATES OF AMERICA,**
Respondent.

**CIVIL NO. 09-2190(PG)**
**RELATED CRIM. 02-393(PG)**

**OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.4)[1]. Respondent filed a Response to the Petition (D.E.15). Petitioner filed a Supplemental Motion to Vacate, Set Aside or Correct Sentence (D.E. 18). Petitioner filed a Reply to the Government's Response (D.E. 20). For the reasons discussed below, the Court finds the Petition shall be **DENIED** and the request for evidentiary hearing is also **DENIED.**

**I. BACKGROUND**

On October 4, 2002, Petitioner, Heriberto Ofray-Campos (hereinafter "Petitioner" or "Ofray-Campos")along with forty two (42) additional co-defendants were indicted in a two (2) count Indictment by a Federal Grand Jury (Crim. D.E. 2 of Case No. 02-393(PG))[2]. Petitioner was specifically charged with conspiracy to possess with the

[1]D.E. is an abbreviation of docket entry number.

[2]Crim.D.E. is an abbreviation of criminal docket entry.

intent to distribute kilogram quantities of controlled substances, that is, five (5) kilograms or more of cocaine, and fifty (50) grams or more of cocaine base (crack cocaine), both a Schedule II, Narcotic Drug Controlled Substance; and/or one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Controlled Substance. All in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), (Crim. D.E. 2 in Case No. 02-393(PG)).

Count Two was a Forfeiture allegation pursuant to Title 21, United States Code, Section 843(a)(1)and (2) (Crim. D.E. 2 in Case No. 02-393(PG)).

On October 28, 2002, a Foster Hearing before Magistrate Judge Delgado was held as to Petitioner Ofray-Campos and his co defendant Diaz-Clavell (Crim. D.E. 162 in Case No. 02-3939(PG)). The Court, upon conclusion of the Foster hearing approved the joint representation of Petitioner and Diaz-Clavell by attorney Peter Diaz-Santiago (Crim. D.E. 162 in Case No. 02-393(PG)).

On August 5, 2003, Notice of attorney appearance as to Petitioner was filed by attorney Marcos L. De La Villa (Crim. D.E. 604 in Case No. 02-393(PG)).

On August 5, 2003, a thirty one (31) day jury trial began against Petitioner and remaining co defendants that had hot entered a Change of Plea (Crim. D.E. 598 in Case No. 02-393(PG)).

On September 29, 2003, the Jury returned a verdict of guilty as to Petitioner Ofray-Campos (Crim. D.E. 724 in Case No. 02-3939(PG)).

On February 28, 2005, Petitioner's Sentencing Hearing was held (Crim. D.E. 1291 in Case No. 02-393(PG)). Ofray-Campos was sentenced to a term of imprisonment of two hundred (200) months; a Supervised Release Term of five (5) years, a fine of ten thousand dollars ($10,000.00) was imposed, as well as a Special Monetary Assessment of one hundred dollars ($100) (Crim. D.E. 1296 in Case No. 02-393(PG)).

On April 4, 2005, Ofray-Campos filed a Notice of Appeal (Crim. D.E. 1295 in Case No. 02-393(PG)).

On July 7, 2008, the First Circuit Court of Appeals affirmed Ofray-Campos' conviction and sentence, United States v. Ofray-Campos, 534 F.3d 1 (1st Cir. 2008). On November 10, 2008, Petitioner's Request for Certiorari before the Supreme Court was denied, Ofray-Campos v. United States, 555 U.S. 1020 (November 10, 2008). On November 2, 2009 Petitioner placed his 2255 Petition for Relief in the prison mail box (D.E. No. 1); therefore the same is timely.

**II. DISCUSSION**

In his 2255 Petition and Memorandum in Support of, Ofray-Campos raises the following allegations:

(1) Ineffective Assistance of Counsel - Petitioner claims his counsel failed to advise him of relevant portions of the Federal Sentencing Guidelines which had he

know would have convinced him to plead guilty rather than chosen to go to trial.

(2) Ineffective Assistance of Counsel - Petitioner claims his counsel was ineffective when he failed to represent him during all stages of the trial proceedings.

(3) Ineffective Assistance of Counsel - Petitioner claims his counsel was ineffective when he purposely violated Ofray-Campos' Fifth Amendment right to testify during his trial.

(4) Ineffective Assistance of Counsel - Petitioner claims his counsel was ineffective when he failed to request a mistrial as a result of a jury note stating that it had an unpleasant situation with a court security officer.

(5) Ineffective Assistance of Counsel - Petitioner claims that counsel was ineffective when he failed to object to the use of the prosecutor's computer by the jury during deliberations.

(6) Ineffective Assistance of Counsel - Petitioner claims his counsel was ineffective when he failed to request a mistrial as a result of Petitioner allegedly not being present during the answering by the Court of jury notes.

Finally, Petitioner claims that the cumulative effect of all the alleged errors by counsel require vacating his sentence and the holding of an evidentiary hearing.

Not only does the record contradict Petitioner's claim

but the First Circuit Court already specifically addressed at least one of the issues now raised by Ofray-Campos in his Petition. He is therefore barred from raising it in his section 2255 motion.

**Previously settled claims**

Allegation six, that is Petitioner's allegation that his counsel was ineffective when he failed to request a mistrial as a result of Petitioner allegedly not being present during the answering by the Court of jury notes.

The First Circuit Court of Appeals already reviewed this precise issue and was clear in its finding.

> The affidavits submitted by the parties lead us to conclude that all parties were present at the time that the district court drafted a proposed answer to Note #2[3] and that the note was discussed with counsel...we find that there was no procedural error in the district court's handling of the jury note. It is evident from the record that Note #2 was reduced to writing, and equally evident from the Government's affidavit that the note was shown to and/or discussed with defense counsel, and that counsel thus had the opportunity to object to the proposed answer. United States v. Ofray-Campos, 534 F. 3d 1 at 17-18.

---

[3]The First Circuit identified in its opinion the jury note in question as note #2. See: United States v. Ofray-Campos.

Furthermore the First Circuit Court of Appeals, made reference to the trial transcript when evaluating the issue surrounding note #2 and made the following pronouncement:

> The transcript, though incomplete, indicates that at least one attorney raised a concern about the trial court's answer. After the court read aloud, in English, both the question posed in Note #2 and the answer that was given by the court, the transcript indicates that Attorney Diaz[4] stated, "But they should know that they didn't go to trial."....Thus, it appears that Attorney Diaz did go on record to express a reservation about the propriety of the court's response. United States v. Ofray-Campos, 534 F.3d 1 at 20.

A detailed reading of the First Circuit Court's Opinion in United States v. Ofray-Campos, parts of which are previously transcribed, leaves no doubt that this same allegation raised by Petitioner in his 2255 filing was already dealt with at the appellate level. There is no room for re-arguing the same issues.

Claims which have been previously settled in direct appeal, cannot be revisited through a collateral proceeding Withrow v. Williams, 507 U.S. 680 (1983). Furthermore, the First Circuit Court has clearly established that a section

---

[4]Attorney Diaz, as the record reflects, is one of Petitioner's co-counsel during his trial.

2255 petition cannot be used to litigate matters that were decided on appeal, Argencourt v. United States, 78 F. 3d 14 (1st Cir. 1996); Singleton v. United States, 26 F.3d 233 (1st Cir. 1993). Petitioner is trying to circumvent the system by re-litigating an issue that the First Circuit already resolved; by raising it as part of an ineffective assistance of counsel allegation. The same shall not be permitted.

**Ineffective Assistance of Counsel Standard**

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result Strickland v. Washington, 466 U.S. 668 (1984); Lema v. United States, 987 F.2d 48 (1st Cir. 1993). In order to succeed in a claim of ineffective assistance of counsel Ofray-Campos must show both incompetence and prejudice: (1) Petitioner must show that counsel's representation fell below an objective standard of reasonableness, and (2) Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996), Darden v. Wainwright, 477 U.S. 168 (1986), Lockhart v. Fretwell, 506 U.S. 364 (1993). Petitioner fails to meet this standard and the record so reflects it.

**First claim of ineffective assistance of counsel -**

Petitioner claims his counsel failed to advise him of relevant portions of the Federal Sentencing Guidelines which had he know would have convinced him to plead guilty rather than proceed with a trial. Petitioner's basis for this allegation is a self serving computation of possible sentencing guideline range which he would have been exposed to had he chosen to plead guilty rather than proceeding with a trial. Obviously, said imaginary guideline computations reflect a term of imprisonment substantially lower that the two hundred (200) months of imprisonment Ofray-Campos is currently serving.

For reasons that are not clear in Ofray-Campos' memorandum in support of his 2255 petition, he claims that had he chosen to plead guilty his criminal exposure would have been base on a total base offense level of thirty one (31) which has a minimum range of imprisonment of one hundred and eight months. This Petitioner claims is substantially less than the two hundred month term of imprisonment he is currently serving (D.E. 4 at pp.7-8).

Ofray-Campos contends that due to his attorney's failure in properly explaining the sentencing guidelines and their different ranges and terms of imprisonment in the two separate scenarios, pleading guilty v. proceeding to trial, he made the uninformed choice of proceeding to trial when in fact, as Petitioner alleges, had he been properly informed he would have plead guilty.

The Court first reiterates that the United States Sentencing Guidelines are advisory in nature and there is no obligation upon the court to follow the guideline recommendations. Secondly, Petitioner's argument is unsupported by the record.

Ofray-Campos, as the record reflects, never admitted his role in the multi defendant drug enterprise in which he worked as a major supplier of cocaine[5]. Not even after conviction while being interviewed for his pre-sentence report did he accept responsibility for his acts. This denial of any actual criminal act by the Petitioner is a sharp contrast to an individual who wishes to stand before the court and accept his responsibility in a criminal enterprise of this nature and plead guilty. This Court found nothing on the record that would even remotely hint at the allegation that had Ofray-Campos known the applicability of the Sentencing Guidelines to his criminal conduct he would have plead guilty.

The only document submitted by Petitioner in support of this allegation is a self serving "Sworn Affidavit" which was submitted as an attachment to D.E. 18 which is Movant's Supplemental/Amended Title 28 U.S.C. Sec. 2255. Curiously both the motion as well as the sworn affidavit (D.E. 18)

[5] In its opinion the First Circuit Court of Appeals unequivocally states that Petitioner's role in the charged conspiracy was that of a "major cocaine supplier in Guayama." United States v. Ofray-Campos, 534 F.3d 1 at 12 (1st Cir. 2008).

submitted by Ofray-Campos have a completely different signature than that which is on all other documents submitted by Petitioner. The difference is so dramatic that even the script used is entirely different. This cast additional doubt on Petitioner's allegation.

Furthermore, the United States in its reply informed the Court that upon receipt of the allegation of not being informed as to sentencing exposure differences between pleading guilty and proceeding to trial, the United States contacted one of Ofray-Campos' attorney Peter Diaz-Santiago. "On June 25, 2002, counsel Peter Diaz-Santiago stated that Ofray-Campos held conversations with three (3) different attorneys that explained the operation of the Sentencing Guidelines within plea offers made by the government, versus the sentencing exposure if convicted after trial. Ofray-Campos rejected the plea offers and opted for trial. The attorneys that provided guidelines advice and estimates to Ofray-Campos were Peter Diaz-Santiago, Jose F. Blanco-Torres and Marcos L. De La Villa. Pursuant to trial counsel, Peter Diaz-Santiago, Ofray-Campo's expectations were for a government's plea offer with a recommended imprisonment term of sixty (60) months. When the expected offer did not materialize, Petitioner rejected the government's offer, which although generous, was for a significantly higher term of imbuement." (D.E. 15 at p. 6, fn. 6 &7).

Not only does the information provided by attorney Diaz-Santiago contradict Petitioner statement as to lack of knowledge, it also contradicts his statement that he only had one attorney representing him. In support of the statement provided by attorney Diaz-Santiago as to Ofray-Campos consulting additional counsel, the record reflects that attorney De La Villa filed a formal notice of representation on behalf of Petitioner prior to trial (Crim. D.E. 604, in Case No. 02-393(PG)).

Ofray-Campos took a gamble and lost. Petitioner must learn to accept the true consequences of his actions. As such, Petitioner's first allegation of ineffective assistance of counsel is **Denied.**

**Second claim of ineffective assistance of counsel -**

Petitioner claims his counsel was ineffective when he failed to represent him during all stages of the trial proceedings. Specifically, Ofray-Campos references the fourth (4th) day of his jury trial, August 8, 2003, during the testimony of Agent Rivera-Colon. Petitioner claims that for approximately thirty (30) minutes of Agent Rivera-Colon's testimony his counsel, Diaz-Santiago, was not present in court and he was therefore un represented. Petitioner alleges that this caused him great harm and constitutes ineffective assistance of counsel.

The trial transcript of August 8, 2003, does not support Petitioner's allegation. To begin with the record

clearly reflects that Petitioner's second attorney co-counsel Marcos De La Villa was present in court from the start of the trial on August 8, 2003[6]. Furthermore, the record further reflects that trial that day did not start on time due to the delay of attorney Inserni, counsel for a separate co-defendant, and therefore upon arrival of Petitioner's other co-counsel Diaz-Santiago trial had proceeded for approximately fifteen (15) minutes only.(T.Tr. 8/08/2003 at p. 239). There is no doubt that at all times during trial Ofray-Campos had at least one of his attorneys present, making his allegation moot.

Ofray-Campos wishes for this court to believe that he only had one attorney representing him and that attorney was Diaz-Santiago. This allegation is completely misleading and contrary to the various instances in the record in which it is abundantly clear that he was being represented at all times during trial by at least two attorneys, which were Peter Diaz-Santiago and Marcos De La Villa (T.Tr. 9/23/2003 at pp. 2063-2065). Having established that Petitioner's second allegation has no basis in fact the same is **Denied.**

[6]The record indicates that attorney De La Villa entered a formal notice of representation on August 5, 2003. (Crim. D.E. 604 in Case No. 02-393(PG)).

**Third claim of ineffective assistance of counsel -**

Petitioner claims his counsel was ineffective when he purposely violated Ofray-Campos' Fifth Amendment right to testify during his trial. Petitioner alleges that it was his wish to testify on his own behalf during trial and that his attorney Diaz-Santiago did not allow him. Once again Petitioner makes a claim that is contradicted by the record in this case.

The trial transcripts of September 24, 2003, and September 26, 2003, provide an accurate picture as to why Petitioner did not testify. Petitioner through a proffered testimony provided by his attorney Diaz-Santiago informed the court of the limited scope of his testimony. Petitioner's testimony was to be regarding personal problems of a family nature between Petitioner and a government witness Alex Candelario; as well as to personal family problems between Petitioner an agent Irving Ofray. That was to be the extent of Ofray-Campos' testimony. It was the ruling of the court that said testimony was irrelevant and would not be allowed. The Court specifically instructed attorney Diaz-Santiago to inform Ofray-Campos that the areas proffered (those having to do with personal/family problems between the Petitioner and witnesses) were to be excluded from Ofray-Campos' testimony. (T.Tr. 9/24/2003 at pp. 2177-2182).

The record reflects that upon attorney Diaz-Santiago advising Petitioner of the scope of his testimony and what

he would be allowed to testify, Ofray-Campos chose not to testify.

> Diaz-Santiago: ...When we explained to him that he was precluded from talking anything about the personal problems with witness Alexander Candelario, and when we also told him he was not supposed to testify anything regarding Agent Ofray, one of the agents that participated in the investigation, and that he was going to testify to the fact that he had problems with his father and he participated in fabricating evidence, then our client said that given that fact that he was not going to be able to testify about that, his testimony was not going to be effective and that **he decided not to take the stand.**(emphasis added) (T.Tr. 9/26/2003 at p. 33).

Having established that it was Petitioner's own informed choice not to testify in his trial his third allegation of ineffective assistance of counsel is **Denied.**

**Fourth allegation of ineffective assistance of counsel -**

Petitioner claims his counsel was ineffective when he failed to request a mistrial as a result of a jury note stating that it had an unpleasant situation with a court security officer.

The record reflects that upon commencing the process of deliberation the jury sent a note indicating that they had

certain discomfort with a marshal that was overseeing their security in conjunction with a court security officer. There is no additional note from the jury as to this matter. Therefore, it can be concluded that whatever the issue was it was promptly resolved by the court.

In his attempt to raise some valid claim of ineffective assistance of counsel, Petitioner hangs his hat on this inconsequential jury note to allege that counsel failed to ask for a mistrial as a result of said a note.

However, the claim is unsupported. There is no indication on the record that the jury was in any way impeded, coerced or in any way induced by any member of the court to deliberate in a certain fashion or to reach a particular verdict in this case. Unsubstantiated claims of ineffective assistance of counsel done in a pro forma manner shall not be entertained by the court. As such allegation number four is **Denied.**

**Fifth allegation of ineffective assistance of counsel -**

Petitioner claims that counsel was ineffective when he failed to object to the use of the prosecutor's computer by the jury during deliberations.

A reading of the trial transcript of September 9, 2003, indicates that prior to the commencement of deliberations by the jury there was a necessity of providing a venue for the jury to listen to CD recordings that were evidence in the case. It was determined that the prosecutor in the case would make available a lap top computer in which the

jury could play the CD's in question if it so chose. (T.Tr. 9/29/2003 at pp. 2550-2551).

With said information Petitioner, raises for the first time a completely speculative argument that jurors in fact used the prosecutor's personal computer and had access to additional files and information during their deliberation process. The allegation is mere speculation and lacks any support in the record. There is not any evidence that the jurors in fact chose to listen to the CD's and therefore used the lap top computer provided.

Once again this court will not entertain claims of ineffective assistance of counsel that are based on mere speculation and which are unsupported by the record. Such claims can not stand on their own and are deemed meritless. As such Petitioner's fifth claim of ineffective assistance of counsel is **Denied.**

**Cumulative effect of errors -** Finally, Ofray-Campos alleges that taken as a whole all his allegations of ineffective assistance of counsel reach such a level of attorney ineffectiveness that there is no choice but for this court to grant his Petition.

Having established that Petitioner's claim are either unsupported by the record or have been resolved by the First Circuit Court of Appeals, Ofray-Campos' final argument of cumulative effect fails and is **Denied.**

**Evidentiary hearing**

Petitioner is under the impression that he is entitled

to an evidentiary hearing. The fact is that in this case Ofray-Campos has failed to raise any cognizable issue under section 2255. Petitioner's request for an evidentiary hearing is denied.

Evidentiary hearings in section 2255 cases are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. Moreno-Morales v. United Sates, 334 F.3d 140 (1st Cir. 2003). An evidentiary hearing "is not necessary when a section 2255 petition is inadequate on its face, or although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

Such is the case of Ofray-Campos' section 2255 petition. The same is simply unsupported by the facts and evidence on the record in the case.

**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner **HERIBERTO OFRAY-CAMPOS**, is not entitled to federal habeas relief on the claims. Accordingly, it is ordered that Petitioner **HERIBERTO OFRAY-CAMPOS'** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.4) is **DENIED; HERIBERTO OFRAY-CAMPOS'** Supplemental Motion to Vacate, Set Aside or Correct Sentence (D.E. 18) is **DENIED; HERIBERTO OFRAY-CAMPOS'** Reply to the Government's Response (D.E. 20) is **DENIED;** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH**

**PREJUDICE.** Petitioner's request for evidentiary hearing is also **DENIED.**

**IV. CERTIFICATE OF APPEALABILTY**

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd of September 2013.

**S/JUAN M. PEREZ-GIMENEZ**
**UNITED STATES DISTRICT JUDGE**